M. RANDALL OPPENHEIMER (S.B. #77649)
roppenheimer@omm.com
STEVEN J. OLSON (S.B. #182240)
solson@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Respondent*
EXXONMOBIL OIL CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>EXXON MOBIL OIL CORPORATION,<br><br>　　　　　Respondent. | Case No. 2:17-mc-00066-CBM-PJWx<br><br>**MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS ISSUED BY U.S. CHEMICAL SAFETY AND HAZARD INVESTIGATION BOARD**<br><br>Hearing Date: August 29, 2017<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8B<br>Judge: Hon. Consuelo B. Marshall |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on August 29, 2017, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8B of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Respondent ExxonMobil Oil Corporation ("ExxonMobil") will and hereby does move the Court for leave, pursuant to Local Rule 7-10 and Paragraph 7a of this Court's Standing Order, to file its Surreply in Opposition to Petitioner the United States of America's ("Petitioner") Petition to Enforce Administrative Subpoenas Issued by U.S. Chemical Safety and Hazard Investigation Board ("CSB").

This Motion is made on the grounds that Petitioner raised new legal arguments in its Reply brief, *see* Dkt. No. 20, to which ExxonMobil should be given the opportunity to respond. Specifically, Petitioner raised for the first time: (1) objections and a request to strike evidence that ExxonMobil submitted in support of its Opposition and (2) the misleading argument that ExxonMobil did not oppose certain document requests. Accordingly, ExxonMobil requests leave to file a Surreply (attached hereto as Exhibit A), which responds to the new arguments in Petitioner's Reply. ExxonMobil respectfully requests the Court to permit it to file the attached Surreply so that it can evaluate the pending Petition with the benefit of a full and complete record.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 25, 2017.

//
//
//
//
//
//

1  It is based on this Notice of Motion and Motion, the Memorandum of Points and
2  Authorities, the attached proposed Surreply attached as Exhibit A, all other
3  pleadings, papers, documents, and records on file with the Court, and such further
4  arguments and evidence as may be properly presented to the Court.

6  DATED: August 1, 2017         STEVEN J. OLSON
                                 O'MELVENY & MYERS LLP

                                 By:   /s/ Steven J. Olson
                                       Steven J. Olson
                                 Attorneys for Respondent
                                 ExxonMobil Oil Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

ExxonMobil brings this Motion because, instead of responding to the jurisdictional issues at the heart of this dispute, Petitioner's Reply raises entirely new arguments to which ExxonMobil should have the opportunity to respond. Specifically, the Reply includes the following: (1) objections and a request to strike the Declaration of Steven J. Olson and all references thereto for purportedly violating Federal Rule of Evidence 408 (*see* Reply at 5-6) and (2) new arguments that ExxonMobil conceded the propriety of 22 of the document requests at issue in this Petition (*see* Reply at 1-2).

It is well-settled that a moving party "cannot submit new information as part of its Reply." *Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."). Where the court does rely upon new material or arguments contained in a reply brief, it must provide the opposing party a reasonable opportunity to respond prior to ruling. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (stating that it would be "unfair" to not allow a response to new evidence filed with a reply brief); *S.E.C. v. Capital Cove Bancorp LLC*, 2015 WL 9701154, at *8 (C.D. Cal. Oct. 13, 2015) (leave granted "to file surreplies addressing new matters raised in the . . . reply").

It is appropriate to grant such relief here. A surreply is the proper vehicle for a party's response to "objections to, and a request to strike . . . evidence . . . filed with [its] opposition." *See, e.g.*, *Hernandez v. Cate*, 918 F. Supp. 2d 987, 996–97 (C.D. Cal. 2013) ("Plaintiff was granted leave to file a sur-reply opposing the [defendants'] request to strike . . . evidence."); *Gallegos v. Troncoso*, 2013 WL 6732870, at *2 (C.D. Cal. Dec. 19, 2013) (considering a surreply filed in a response to a reply "accompanied by three further declarations and an Objection And Request To Strike Plaintiff's Extrinsic Evidence").

A surreply should also be allowed when a party seeks to respond to the argument that it conceded certain points in its opposition. *See, e.g.*, *Takla v. Regents of the Univ. of California*, 2015 WL 6755190, at *1 n.1 (C.D. Cal. Nov. 2, 2015) (granting leave to file a surreply "on the basis that UCLA raised a new issue in its reply brief, namely that Takla conceded that UCLA 'promptly investigated' her claims of sexual harassment"); *Washington v. Adams*, 2010 WL 3583403, at *1–2 (E.D. Cal. Sept. 13, 2010) (allowing surreply to respond to the argument that "Respondent did not answer" certain claims that had thus been "'conceded' by Respondent"); *Xinhua Holdings Ltd. v. Elec. Recyclers Int'l, Inc.*, 2013 WL 6844270, at *1–2 (E.D. Cal. Dec. 26, 2013), *aff'd sub nom. Clean Tech Partners, LLC v. Elec. Recyclers Int'l, Inc.*, 627 F. App'x 621 (9th Cir. 2015) (considering surreply in which the plaintiffs "argue[d] that they have not conceded the validity" of an agreement).

Granting this Motion ensures the Court can decide this Petition on a complete record. Otherwise, ExxonMobil would be denied a fair opportunity to correct the misleading record created by Plaintiff's Reply. For the foregoing reasons, ExxonMobil thus respectfully requests leave to submit the Surreply attached hereto as Exhibit A, which briefly addresses Petitioner's new arguments.

DATED: August 1, 2017

STEVEN J. OLSON
O'MELVENY & MYERS LLP


By:  /s/ Steven J. Olson
        Steven J. Olson
Attorneys for Respondent
ExxonMobil Oil Corporation