# EXHIBIT A

M. RANDALL OPPENHEIMER (S.B. #77649)
roppenheimer@omm.com
STEVEN J. OLSON (S.B. #182240)
solson@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

*Attorneys for Respondent*
EXXONMOBIL OIL CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>EXXON MOBIL OIL CORPORATION,<br><br>Respondent. | Case No. 2:17-mc-00066-CBM-PJWx<br><br>**[PROPOSED] SURREPLY IN OPPOSITION TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS ISSUED BY U.S. CHEMICAL SAFETY AND HAZARD INVESTIGATION BOARD**<br><br>Hearing Date:  August 29, 2017<br>Hearing Time:  10:00 a.m.<br>Courtroom:  8B<br>Judge:  Hon. Consuelo B. Marshall |

## MEMORANDUM OF POINTS AND AUTHORITIES

Respondent ExxonMobil Oil Corporation ("ExxonMobil") submits this Surreply to respond to new arguments raised in the Reply filed by Petitioner.[1]

### I.        The Olson Declaration Does Not Violate Rule 408

In its Reply, Petitioner requests that this Court strike the Declaration of Steven J. Olson submitted in opposition to CSB's Petition (the "Olson Declaration") and its supporting exhibits, and all references thereto in ExxonMobil's Opposition, because ExxonMobil's use thereof "violates Federal Rule of Evidence 408." (Reply at 6.)  Rule 408, however, "by its own terms, is one of limited applicability."  *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161-62 (9th Cir. 2007).  The Rule makes clear it is "inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim."  *See* Fed. R. Evid. 408 advisory comm. note (2006); *see also* Fed. R. Evid. 408(b) ("The court may admit this evidence for another purpose.").

ExxonMobil's Opposition did not include settlement-related evidence "in an attempt to disprove the validity of the United States' claim," (*see* Reply at 6), but instead for a purpose permissible under Rule 408—to correct the record offered by Petitioner.   The Petition painted ExxonMobil as an obstructionist wholly responsible for any delay in resolving this dispute[2] and failed to mention:  (1) the thousands of documents ExxonMobil produced (which ultimately allowed the U.S. Chemical Safety and Hazard Investigation Board ("CSB") to issue an investigation report); (2) ExxonMobil's willingness to negotiate reasonable production terms for

---

[1] This Surreply does not address the remaining arguments in Petitioner's Reply (e.g., that the documents at issue are relevant to CSB's investigation or that ExxonMobil's requested confidentiality protections are unwarranted).  ExxonMobil disagrees with these arguments and will be prepared to respond to them at the August 29, 2017 hearing.

[2] In Reply, Petitioner describes "delay [purportedly] caused by [ExxonMobil's] refusal to comply with the subpoenas."  (*See* Reply at 7.)  Petitioner fails to acknowledge that CSB is largely responsible for any delay in resolving these issues.  (*See* Opp'n at 8 n.13.)

the remaining documents at issue; and (3) ExxonMobil's bona fide concerns about jurisdictional and confidentiality issues.  ExxonMobil is entitled to offer evidence of the parties' settlement negotiations to rebut any inference of bad faith or undue delay on its part and to establish CSB's course of conduct, including its refusal to negotiate, properly explain its positions during the course of negotiations, or agree to certain settlement terms.[3]  *See, e.g.*, *In re Hassan Imports P'ship*, 2015 WL 4572842, at *3 n.9 (C.D. Cal. July 27, 2015) (allowing evidence when offered for purpose of "rebutting the City's contention of bad faith"); *All. Atlantis Releasing Ltd. v. Bob Yari Prods.*, 2010 WL 1525687, at *3 n.3 (C.D. Cal. Apr. 12, 2010) ("The Court finds that Rule 408 does not bar it from considering that a meeting took place on March 4, 2009, at which Plaintiffs (accepting BYP's characterization of their conduct) essentially refused to negotiate)."); *see also Thompson v. Safeway, Inc.*, 2002 WL 500547, at *2 (N.D. Ill. Apr. 2, 2002) ("It would be an abuse of Rule 408 to allow a plaintiff during compromise negotiations to complicate and delay resolution of the matter, point to that delay as evidence of the defendant's bad faith, and then prevent the defendant from explaining its actions because settlement discussions were involved.").  ExxonMobil is also entitled to use settlement-related evidence to demonstrate that CSB was on notice that ExxonMobil opposes *all* of CSB's outstanding document requests.  *See* Fed. R. Evid. 408 advisory comm. note (2006) (acknowledging the continued applicability of "case law providing that Rule 408 is inapplicable when evidence of the compromise is offered" for this purpose); *see also United States v. E. Mun. Water Dist.*, 2008 WL 11334421, at *10 (C.D. Cal. Apr. 3, 2008) (Marshall, J.) (allowing evidence regarding "the discussion of settlement negotiations" when offered "not to establish liability, but to establish

---

[3] Significantly, CSB's own Petition includes a description of the parties' settlement negotiations for very similar purposes.  (*See* Pet. ¶ 53 ("The United States has attempted to secure Exxon's compliance with the Board's subpoenas through reasonable, good-faith negotiations.  These negotiations included numerous letters, phone calls, and in-person meetings between the Board and Exxon and Exxon's counsel.").)

SURREPLY RE PET. TO ENFORCE
2:17-MC-00066-CBM-PJWX

Defendants' knowledge of the facts giving rise to Fallbrook's claims"). Establishing such knowledge is important given the misleading arguments Petitioner now makes in its Reply. *See* Reply at 1 (arguing that ExxonMobil "does not oppose 22 of the document requests").

## II.   ExxonMobil Has Not Conceded That Any of CSB's Subpoena Requests Are Proper

In its Reply, Petitioner contends that ExxonMobil does not dispute that 22 of the document requests at issue are statutorily authorized, procedurally proper, or relevant. (*See* Reply at 1-2 (citing ¶¶ 34(c), 38(a)–(b), 38(g), 38(m), 39(p)–(q),[4] 38(s), 38(u)–(w), 42(a), 42(d)–(m) of a declaration from CSB Investigator Mark Wingard (the "Wingard Declaration")).) Not so. While ExxonMobil's jurisdictional arguments focused only on particular subpoena requests, its relevance arguments were not so limited—"[t]he information CSB seeks in its Petition is irrelevant and well beyond the scope of that investigation, as evidenced by the fact that CSB's investigation is now complete." (*See* Opp'n at 9-10, *see also id.* at 19 ("If *any* of the information sought here was relevant, CSB would have brought this Petition *before* releasing its final report" (emphasis added)).)

Petitioner's position seems to be that because ExxonMobil did not specifically cite to every single disputed request in its Opposition, ExxonMobil no longer objects to these requests. Given the course of the parties' negotiations over these documents, Petitioner's argument is disingenuous—CSB knows full well that ExxonMobil continues to contest all of its requests, and, at the very least, will not voluntarily produce responsive documents without certain protections in place. (*See* Opp'n at 22-25.) This is especially true for purportedly unopposed requests like EM-2SUBDOC4, Pet. ¶ 44c,[5] which seek documents that contain confidential

---

[4] CSB's Reply cites paragraphs 39(p)-(q), but no such paragraphs exist. CSB is likely instead referring to paragraphs 38(p)-(q) of the Wingard Declaration, or 48(p)-(q) of the Petition.

[5] Petitioner cites to paragraph 34(c) of the Wingard Declaration in describing this request.

SURREPLY RE PET. TO ENFORCE
2:17-MC-00066-CBM-PJWX

data from a third party, Solomon Associates.  (*See* Opp'n at 22-23.)

DATED:  August 1, 2017                    Respectfully submitted,

                                          STEVEN J. OLSON
                                          O'MELVENY & MYERS LLP


                                          By:___/s/ Steven J. Olson_____
                                                  Steven J. Olson
                                          Attorneys for Respondent
                                          ExxonMobil Oil Corporation

SURREPLY RE PET. TO ENFORCE
2:17-MC-00066-CBM-PJWX